# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4427/00C5114 | **DATE** | 10/26/2000 |
| **CASE TITLE** | THE NEW ENGLAND EMPLOYEE BENEFITS GROUP vs. DEBORAH KLAPPERICH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  The motion for summary judgment [11-1] is granted.  Judgment in the amount of $76,820.10 is entered for plaintiff The New England Employee Benefits Group and against defendant Deborah Klapperich.  ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. |
|---|---|
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

OCT 2 7 2000
date docketed

ED-7
FILED FOR DOCKETING

00 OCT 26 PM 5: 58

SB

courtroom deputy's initials

docketing deputy initials

10/26/2000
date mailed notice

jad77
mailing deputy initials

Document Number

6

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE NEW ENGLAND EMPLOYEE )
BENEFITS GROUP, )
)
                         Plaintiff, )
)
       v. )
)
DEBORAH KLAPPERICH, )
)
                       Defendant. )

No. 00 C 4427/00 C 5114

Suzanne B. Conlon, Judge

**DOCKETED**

OCT 27 2000

## MEMORANDUM OPINION AND ORDER

The New England Employee Benefits Group ("New England") sues Deborah Klapperich under

the Employee Retirement Income Security Act of 1974 ("ERISA"), and specifically under 29 U.S.C.

§ 1132(a)(3), to enforce the reimbursement provision of an employee benefit plan. New England

alleges Klapperich received benefits from the Health and Welfare Plan for Employees and Dependants

of Midwest Automation Systems, Inc. ("the plan"), of which New England is the third-party

administrator, and has breached her duty to reimburse the plan for its expenditures after she received

a settlement in a third-party tort action. New England moves for summary judgment pursuant to Fed.

R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

### A.    Local Rule 56.1

Before discussing the facts, the court must address the effect of Klapperich's failure to comply

with Local Rule 56.1 in responding to New England's motion for summary judgment. Local Rule 56.1

requires litigants to follow detailed procedures in filing and responding to summary judgment motions.

Local Rule 56.1(a)(3) requires the moving party to file a statement of undisputed material facts entitling it to judgment as a matter of law. Rule 56.1(b)(3)(A) requires the party opposing summary judgment to provide "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Klapperich did not file a rule 56.1(b)(3)(A) response. This failure results in the binding admission of the truth of New England's Rule 56.1(a)(3) factual statements. Local Rule 56.1(b)(3)(A); Curran v. Kwon, 153 F.3d 481, 486 (7th Cir. 1998). Although this admission does not inevitably require granting summary judgment against Klapperich, it severely penalizes her by requiring the court to "depart from [its] usual posture of construing all facts in favor of the non-moving party." Smith v. Severn, 129 F.3d 419, 425 (7th Cir. 1997). The court may not consider unsupported factual assertions contradicting New England's Rule 56.1(a)(3) statement. Id. at 425-26. However, the court must still view facts in the Rule 56.1(a)(3) statement and all reasonable inferences in the light most favorable to Klapperich. Id.

**B.     James Ball's affidavit**

In addition to not complying with Local Rule 56.1, Klapperich's response to New England's motion for summary judgment relies heavily on an affidavit by her attorney, James Ball, that is inadmissible. An affidavit must be sworn and notarized at the time of filing or made under penalty of perjury and verified as true and correct under 28 U.S.C. § 1746. DeBruyne v. Equitable Life Assurance Soc'y of the U.S., 920 F.2d 457, 471 (7th Cir. 1990). Ball's affidavit meets neither of these requirements. As such, the "affidavit" is not within the range of evidence this court may consider in deciding New England's motion for summary judgment. Id.

2

## C.    Facts

The plan is an "employee welfare benefit plan" within the meaning of ERISA and is self-funded. New England's Local Rule 56.1(a)(3) Statement of Undisputed Facts ("Pl. Facts"), ¶ 2. New England, as a fiduciary of the plan, has been duly appointed and authorized by the plan to administer and prosecute all of the plan's rights and claims to reimbursement. Klapperich was a covered person under the plan at all times relevant to this lawsuit. Pl. Facts, ¶ 1. On November 13, 1995, Klapperich was injured. She received medical treatment for her injuries. Klapperich's treatment for her injuries resulted in a medical malpractice suit. She entered into a settlement agreement for $280,000 from the parties who caused her injuries. Id. at ¶ 4; Def. Answer to Complaint, ¶ 11.

Klapperich submitted a claim to the plan for injuries associated with the medical malpractice injury. The plan paid medical benefits of $76,820.10 on behalf of Klapperich for injuries also covered by Klapperich's settlement. Pl. Reply Brief, Ex. D.[1] The terms governing the plan contain an express provision for subrogation and a right of recovery when a beneficiary receives money from a third party to cover medical expenses the plan has already paid. The provision states:

Provision For Subrogation And Right of Recovery

A third party may be liable or legally responsible for expenses incurred by a covered person for an Illness, a sickness, or a bodily injury.

Benefits may also be payable under this Plan for such expenses. When this happens, [the plan] may, at its option:

. . .

---

[1] New England originally stated in its Local Rule 56.1(a)(3) statement that the plan had paid $80,729.94 in benefits that were covered by the third-party settlement. Pl. Facts, ¶ 5. However, in its reply brief, New England submits an affidavit by the plan manager stating the correct amount of claims covered by the settlement should be $76,820.10. Plaintiff's Reply Brief ("Pl. Reply"), Ex. D.

• recover from the covered person or his or her legal representative any benefits paid under the Plan from payment which the covered person is entitled to receive from the third party, the third party's insurer or guarantor, or uninsured and/or underinsured motorist insurance.

[The plan] will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the covered person receives from any of the sources listed above. This lien will not exceed:
- the amount of benefits paid by [the plan] for the illness, sickness or bodily injury; or
- the amount received from the third party . . .

The covered person or his or her legal representative must cooperate fully with [the plan] in asserting its recovery rights . . .

If the covered person or his or her legal representative;
- makes any recovery from any of the sources described above; and
- fails to reimburse [the plan] fully for any benefits paid which arise from the Illness, sickness or bodily injury;

then:
- the covered person or his or her legal representatives will be personally liable to [the plan] for the amount of benefits paid under this Plan . . .

Pl. Facts, Ex. 2a.

New England has requested that Klapperich honor the terms of the plan and reimburse it for the medical expenses it paid that are also encompassed by the third-party settlement. Id., ¶ 7. Klapperich has refused to repay the plan. Id.

## DISCUSSION

### I       Summary judgment standard

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the record and draw all reasonable inferences in the light most favorable to the nonmoving party.

Thomas & Betts Corp. v. Panduit Corp., 138 F.3d 277, 291 (7th Cir. 1998). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes that could affect the outcome of the suit will preclude an entry of judgment for the moving party. Thomas & Betts Corp., 138 F.3d at 291.

## II     Right of reimbursement

New England has established it is entitled to reimbursement of its medical expenses as a matter of law. It is a fiduciary within the meaning of ERISA. The plan's terms specifically provide for repayment of benefits when money is recovered by a third party for the same medical expenses. New England initiated this action to enforce the reimbursement provision and sought "appropriate equitable relief" in the form of restitution. Mertens v. Hewitt Assoc., 508 U.S. 248, 256-58 (1993); Harris Trust and Sav. Bank v. Provident Life and Accident Ins. Co., 57 F.3d 608, 615 (7th Cir. 1995).

The only issue for consideration, then, is whether the plan's terms entitle the plan to reimbursement for the medical expenses it paid on Klapperich's behalf. The literal terms of the plan clearly entitle the plan to reimbursement from the third-party settlement received by Klapperich. Indeed, Klapperich does not dispute that the proceeds from the settlement are covered by the plan's terms. Klapperich argues New England is not entitled to reimbursement for two reasons: (1) New England's claim for reimbursement includes medical expenses unrelated to the medical malpractice injury; and (2) the claim was previously settled by the parties. However, Klapperich submits no admissible evidence to support either of these claims.[2] Thus, there is no genuine issue of material fact.

---

[2] The only evidence submitted in support of these arguments is James Ball's inadmissible affidavit. Even if this court were to consider Ball's affidavit, no genuine issue of material fact would be created. The affidavit's argument that some of Klapperich's medical expenses are unrelated to the

New England is entitled to summary judgment on its reimbursement claim in the amount of $76,820.10 for medical expenses paid on behalf of Klapperich that she recovered from a third-party settlement.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 26, 2000

---

third-party settlement is judicially estopped. "Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts from later reversing that position to her advantage." Wilson v. Chrysler Corp., 172 F.3d 500, 504 (7th Cir. 1999). Klapperich argued in her medical malpractice action in state court that the same injuries she now argues are unrelated to the malpractice were related to the malpractice in that case. Pl. Reply, Ex. C at Ex. 1. Klapperich's position in the state litigation is dispositive. DeGuiseppe v. Village of Bellwood, 68 F.3d 187, 191 (7th Cir. 1995).